IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          **INDICTMENT**

**JUSTIN HAROLD KRUMWIEDE**                  1:22CR34 AW/MAL
_____/

**THE GRAND JURY CHARGES:**

### COUNT ONE

Between on or about May 5, 2017, and on or about March 25, 2022, in the Northern District of Florida and elsewhere, the defendant,

**JUSTIN HAROLD KRUMWIEDE,**

did use, persuade, induce, entice, and coerce and attempt to use, persuade, induce, entice, and coerce a minor, Jane Doe 1, with the intent that such minor engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).



## COUNT TWO

Between on or about March 22, 2016, and on or about March 25, 2022, in the Northern District of Florida and elsewhere, the defendant,

**JUSTIN HAROLD KRUMWIEDE,**

did use, persuade, induce, entice, and coerce and attempt to use, persuade, induce, entice, and coerce a minor, Jane Doe 2, with the intent that such minor engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT THREE

Between on or about March 26, 2016, and on or about March 25, 2022, in the Northern District of Florida and elsewhere, the defendant,

**JUSTIN HAROLD KRUMWIEDE,**

did use, persuade, induce, entice, and coerce and attempt to use, persuade, induce, entice, and coerce a minor, Jane Doe 2, with the intent that such minor engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT FOUR

On or about March 25, 2022, in the Northern District of Florida, the defendant,

**JUSTIN HAROLD KRUMWIEDE,**

did knowingly possess material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been produced using materials that have been mailed, and shipped and transported in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2253. From his engagement in the violations alleged in Counts One through Four of this Indictment, the defendant,

**JUSTIN HAROLD KRUMWIEDE,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

3

A.  Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, United States Code;

B.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses alleged in Counts One through Four of this Indictment; and

C.  Any property, real or personal, used, or intended to be used, to commit or promote the commission of the offenses alleged in Counts One through Four of this Indictment.

D.  The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, and hard disk drives or units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the hardware and software mentioned above, tools, equipment, and manuals and documentation for the assembly and use of the hardware and software mentioned above.

4

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of the Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendant up to the value of any forfeitable property described above.

A TRUE BILL:

*Redacted*

_____
DATE 12/20/2022

_____
JASON R. COODY
United States Attorney

_____
F.T. WILLIAMS
Assistant United States Attorney